D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
32 Broadway, Suite 601
New York, New York 10004
Tel: (212) 688-5640
Fax: (212) 688-2548

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, | |
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| VALBELLA AT THE PARK, LLC, | |
| Defendant. | |

Plaintiff Pavle Zivkovic ("Plaintiff"), by and through his attorneys, Joseph & Kirschenbaum, LLP, files this Complaint against Defendant Valbella at the Park, LLC (hereinafter, "Defendant" or "Valbella at the Park") and alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks a finding that Defendant Valbella at the Park is the alter-ego and/or successor of a shell entity, Laura Christy Midtown LLC d/b/a Valbella ("Valbella Midtown"), and thus that Valbella at the Park is responsible for all debts and judgments owed by Valbella Midtown.

2. In January 2017, Plaintiff filed a class action against Valbella Midtown, among other defendants, in which he sought to recover unpaid wages on behalf of himself and his fellow food-service employees who worked at Valbella (the "Class Action"). In that case, Plaintiff also sought discrimination damages on his own behalf.

3. In November 2018, two subclasses of food-services employees were certified by the Court in the Class Action and Plaintiff was designated as the Class Representative.

4. After years of litigation, Plaintiff's claims were successful and, in April 2022, a jury awarded him and two sets of certified subclasses over $5.7 million in unpaid wages, liquidated damages, interest, and attorneys' fees (the "Judgment").

5. Of this $5.7 Judgment, over $5.5 is owed by Valbella Midtown (some that amount is owed jointly and severally with another corporate entity and an individual defendant).

6. In an effort to evade the impending Judgment, just days before trial commenced in the Class Action, Valbella Midtown ceased operating at its location on 53rd street in Manhattan and opened up an almost identical restaurant just a few blocks away under a new corporate name Valbella at the Park LLC.

7. To be sure, both restaurants used and use the name "Valbella" and the new Valbella continues to be managed and operated by the same individual, David Ghatanfard.

8. To the extent, the allegations in this Complaint refer to Valbella Midtown and Valbella at the Park separately, that distinction is merely to refer to the two different LLCs and the two different locations under which and at which Valbella in Midtown Manhattan has operated. As outlined below, there is, in fact, no meaningful difference between these two entities.

9. Valbella at the Park is a mere continuation of Valbella Midtown, albeit at a different location in Midtown Manhattan

10. As Valbella at the Park is the successor of Valbella Midtown, Plaintiff, as class representative of the judgment-creditor class members in the Class Action, seeks a finding that Valbella at the Park is responsible to pay all debts owed by Valbella Midtown, including the Judgment entered in the Class Action.

## PARTIES

11. Plaintiff Pavle Zivkovic is a resident of Belgrade, Serbia.

12. Plaintiff Pavle Zivkovic was employed as a server at Laura Christy Midtown LLC d/b/a Valbella and Laura Christy LLC d/b/a Valbella from approximately 2011 until 2017.

13. Plaintiff Zivkovic is the class representative of two subclass certified in the case styled *Zivkovic, v. Laura Chirsty LLC, et al*, 17 CV 553 (S.D.N.Y.).

14. Defendant Valbella at the Park, LLC d/b/a Valbella is a New York State limited liability company that has been in operation since February 2021.

15. Valbella at the Park owns and operates a fine-dining restaurant in Midtown Manhattan.

## JURISDICTION AND VENUE

16. This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1332, since the dispute is between citizens of different states where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, since Defendant has its principal place of business in the Southern District of New York.

## FACTUAL ALLEGATIONS

**The Class Action**

18. In January 2017, Plaintiff Zivkovic filed a class action against Valbella Midtown, Laura Christy LLC (d/b/a Valbella Meatpacking), David Ghatanfard, and Genco Luca alleging that he and his fellow food-service employees at Valbella were subject to various wage and hour violations at Valbella restaurants located in Manhattan.

19. Mr. Zivkovic also alleged that he was personally subject to discrimination at the restaurant on the basis of his national origin.

20. A copy of the complaint in that case is attached hereto as "Exhibit A."

21. The Valbella restaurants were and are fine-dining establishment offering Italian cuisine.

22. Laura Christy LLC operated a Valbella restaurant in the Meatpacking District of Manhattan until approximately March 2019

23. From in or around November 2011 until approximately March 2022, Valbella Midtown operated Valbella restaurant in Midtown Manhattan on East 53rd Street.

24. Both Laura Christy LLC d/b/a Valbella and Valbella Midtown were and are owned in part by David Ghatanfard.

25. At all times that these restaurants were in operation, Mr. Ghatanfard acted as the owner/operator of the Valbella restaurants and managed all aspects of those restaurants' day-to-day affairs.

26. In the Class Action, Plaintiff Zivkovic alleged that Defendants did not properly pay the food-service employees for all hours that those employees worked and did not provide employees with the notices required by the New York State Wage Theft Prevention Act.

27. In November 2018, the Honorable Gregory H. Woods, U.S.D.J., certified two opt-out subclasses in the Class Action. These subclasses are comprised of all employees who worked as captains, servers, runners, bussers, and bartenders at Laura Christy LLC and Valbella Midtown, respectively, from January 25, 2011, through the date of the certification Order (the "Potential Subclass Members"). (A copy of the certification Order is attached hereto as "Exhibit B.")

28. After the subclasses were certified, Potential Subclass Members were notified of the class action and were given thirty days to decide whether or not to opt-out of the class action.

29. Once the opt-out period expired, 183 subclass members remained in the Valbella Meatpacking subclass and 202 subclass members remained in the Valbella Midtown subclass (the "Subclass Members").

30. After years of litigation and additional delays due to the COVID-19 pandemic, trial in the Class Action was held from March 31, 2022 to April 11, 2022.

31. On April 11, 2022, the jury in that case returned a verdict in favor of the Subclass Members on their wage and hour claims as well as in favor of Mr. Zivkovic on his discrimination claims. (A copy of the verdict is attached hereto as "Exhibit C.")

32. Significantly, the jury found that the two Valbella restaurants, Valbella Midtown and the Valbella located in the Meatpacking District, were single, integrated entity and thus jointly and severally liable for each other's debts.

33. Judgment was later entered by the District Court on June 22, 2022. (A copy of the Judgment is attached hereto as "Exhibit D." (the "Judgment"))

34. As part of the Judgment, the Court Ordered Valbella Midtown to pay $5,092,017.85 to the subclass members (jointly and severally with two other defendants in that case).

35. The Court also ordered Laura Christy Midtown LLC to pay Mr. Zivkovic $459,560 for his discrimination claims.

36. At the time of the filing of this complaint, all of these sums remain due and owing.

**Valbella at the Park**

37. Upon information and belief, in or around March or April 2022 and almost immediately before the trial in the Class Action was set to take place, Valbella ceased operating at its location on 53rd street in Manhattan.

38. The restaurant immediately reopened a few blocks away in Midtown Manhattan at a location near Bryant Park.

39. Despite moving a few blocks away, the new Valbella location is in all respects a continuation and successor of the earlier Valbella location on 53rd Street.

40. The corporation that operates the new Valbella location, Valbella at the Park LLC, was formed in February 2021, shortly before Valbella Midtown ceased operating.

41. The restaurants operate under the same name: Valbella.

42. The first result for the Google search term "Valbella" yields a result entitled "Valbella At The Park – Midtown Manhattan" with link to the Valbella at the Park web site.[1]

43. Upon information and belief, as with the two other LLC's that owned and operated the Valbella restaurants, Mr. Ghatanfard owns part of Valbella at the Park LLC.

44. The address listed on the New York Department of State, Division of Corporations website for receipt of service of process for Valbella at the Park LLC is 86 Oak Grove Road, Southampton, NY 11968. The residential property located at this address is owned – in whole or in part – by David Ghatanfard.

---

[1] *See* https://www.google.com/search?q=valbella&sxsrf=ALiCzsbGLOhhVDETPQe0t8H6mS6zNf0n-A%3A1660605260828&source=hp&ei=TNP6YrDSLI6YkPIPrdiygAo&iflsig=AJiK0e8AAAAAYvrhXNcGiEmOaEPq8w4We5oIaUnqstPy&ved=0ahUKEwiwqLbV_Mn5AhUODEQIHS2sDKAQ4dUDCAk&uact=5&oq=valbella&gs_lcp=Cgdnd3Mtd2l6EAMyBAgjECcyBAgjECcyBAgjECcyCwguEIAEEMcBEK8BMgsILhCABBDHARCvATILCC4QgAQQxwEQrwEyBQgAEIAEMgUIABCABDIFCAAQgAyBQgAEIAEOhEILhCABBCxAxCDARDHARDRAzoOCC4QgAQQsQMQxwEQ0QM6CwguEIAEEMcBENEDOggILhCABBCxAzoLCC4QgAQQsQMQgwE6CwgAEIAEELEDEIMBOggIABCABBCxAzoICAAQgAQQyQM6BQgAEJIDOgUILhCABDoOCAAQgAQQsQMQgwEQyQNQAFjdBmDqB2gAcAB4AIABgAGIAYUHkgEDMi42mAEAoAEB&sclient=gws-wiz. Google search conducted on August 15, 2022.

45. Upon information and belief, Mr. Ghatanfard continues to run all operations of the new Valbella location and continues to manage its employees.

46. Given that Mr. Ghatanfard owns and/or operates Valbella at the Park, the corporation was on notice of the claims in the Class Action.

47. Upon information and belief, Valbella at the Park employs many of the same employees who worked at Valbella Midtown.

48. For example, Elio Papa, the manager/wine-director at the new location was also employed for many years at the old Valbella location.

49. As another example, Arben Buqaj, who was a server at both Valbella LLCs that were defendants in the Class Action, continues to work as a server at the new Valbella.

50. Valbella at the Park continues to use the exact same logo and branding as Valbella Midtown.

51. Valbella at the Park also offers an almost identical food menu as the menu that was offered at Valbella Midtown.

52. Prior to ceasing to operate at its old location, the web site for Valbella Midtown displayed ads offering employment opportunities at the new Valbella location.

53. The news media also considered Valbella at the Park to be a mere relocation of Valbella Midtown.

54. For example, in a recent article, the New York Post remarked:

Valbella's grand opening this week at 3 Bryant Park *marks the largest relocation* from one address in Manhattan to another.  Its new venue inside a glass box portion of the skyscraper is as visible from the street as its old space was hidden behind a plaza at 11 E. 53rd St.[2] (emphasis added).

---

[2] https://nypost.com/2022/02/27/christian-pascal-buys-bills-townhouse-as-old-restaurants-get-new-life/ (accessed on July 27, 2022).

55. In that same article, Mr. Ghatanfard refers to himself as the owner of the new location. Specifically, the articles states:

> Valbella owner David Ghatan said it's 18,000 square feet compared to 4,500 at the old location. He and a partner started 'looking at it before the pandemic,' he said. It was 'an opportunity for us to open a larger Valbella' with sushi and caviar bars on the outdoor terraces as well as high-end Italian cuisine.[3]

### First Cause of Action
### (Special Proceeding Under N.Y.C.P.L.R. 5225(b) )

56. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

57. According to New York State Department of State records, Valbella at the Park was formed in February 2022, around the time that Valbella Midtown ceased operating.

58. Upon information and belief, in or about March or April 2022, Valbella Midtown ceased to exist or has been turned into an empty shell and its business effectively ended.

59. Immediately upon closing, Valbella reopened near Bryant Park where it is engaged in the same business as Valbella Midtown and, upon information and belief, is owned and operated by the same individual, David Ghatanfard.

60. Upon information and belief, Valbella at the Park is a is in possession or custody of money or other personal property in which judgment-debtor Valbella Midtown has an interest.

### Second Cause of Action
### (Successor Liability)

61. Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

62. According to New York State Department of State records, Valbella at the Park was formed in February 2022, around the time that Valbella Midtown ceased operating.

---

[3] *Id*.

63. Upon information and belief, in or about March or April 2022, Valbella Midtown ceased to exist or has been turned into an empty shell and its business effectively ended.

64. Immediately upon closing, Valbella reopened near Bryant Park where it is engaged in the same business as Valbella Midtown and, upon information and belief, is owned and operated by the same individual, David Ghatanfard.

65. Upon information and belief, Valbella at the Park is a mere continuation of Valbella Midtown.

66. As a result of the foregoing, Valbella at the Park has successor liability and is responsible for the liabilities of Valbella Midtown, including any debts, liabilities and judgments owed to Plaintiff and the putative class members.

WHEREFORE, Plaintiff, individually and on behalf of all other similarly situated persons, respectfully requests that this Court grant the following relief:

A. A finding that the Valbella at the Park corporation is the successor of Valbella Midtown corporation;

B. Entry of judgment against Valbella at the Park in the amount set forth in the Judgment in the Class Action;

C. Reasonable attorneys' fees and costs of the action; and

D. Any and all other relief as this Court deems appropriate.

[date and signature block on next page]

Dated: August 29, 2022

      s/ Josef Nussbaum
D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
**JOSEPH & KIRSCHENBAUM LLP**
*Attorney for Plaintiff and the Putative Class*
32 Broadway Suite 601
New York, NY 10004
T: (718) 915-5304
T: (212) 688-5640
maimon@jk-llp.com
jnussbaum@jk-llp.com
lucas@jk-llp.com

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to a jury trial.