```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
PAVLE ZIVKOVIC                                    :    Case No.:
                                                  :    1:22-cv-07344-GHW
                              Plaintiff,          :
        -against-                                 :
                                                  :    ANSWER
VALBELLA AT THE PARK LLC                          :
                                                  :
                              Defendant.          :
---------------------------------------------------------------X
```

Defendant, Valbella at the Park LLC, by and through its attorneys, the Law Offices of Fred L. Seeman, answers the Complaint of Pavle Zivkovic (the "Complaint") as follows:

## AS AND TO THE "NATURE OF THE ACTION"

**1.** Except as to admit that Plaintiff intends to proceed as alleged therein, Defendant denies the allegations contained in Paragraph 1 of the Complaint.

**2.** Defendant admits to the allegations contained in Paragraph 2 of the Complaint.

**3.** Defendant admits to the allegations contained in Paragraph 3 of the Complaint.

**4.** Defendant admits to the allegations contained in Paragraph 4 of the Complaint.

**5.** Defendant denies the allegations contained in Paragraph 5 of the Complaint and respectfully refers the Court to the judgment issued in the Class Action.

**6.** Except as to admit that Valbella Midtown no longer operates a restaurant at 53rd Street in Manhattan, Defendant denies the allegations contained in Paragraph 6 of the Complaint.

**7.** Except as to admit that the name of both restaurants contain the word "Valbella", Defendant denies the allegations contained in Paragraph 7 of the Complaint.

**8.** Except as to admit that Valbella Midtown LLC and Valbella at the Park LLC are two separate "LLCs", Defendant denies the allegations contained in Paragraph 8 of the Complaint.

**9.** Defendant denies the allegations contained in Paragraph 9 of the Complaint, except as to admit that Valbella at the Park operates at a different location than Valbella Midtown.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

## AS TO "PARTIES"

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Except as to admit that Pavle Zivkovic was employed as a server from time to time between 2011 and 2017, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 13 of the Complaint.

14. Defendant admits to the allegations contained in Paragraph 14 of the Complaint.

15. Defendant admits to the allegations contained in Paragraph 15 of the Complaint.

## AS TO "JURISDICTION AND VENUE"

16. The allegations contained in Paragraph 16 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations contained therein.

17. The allegations contained in Paragraph 17 of the Complaint are conclusions of law to which no response is required. To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to whether venue is proper in this District Court.

## AS TO THE "FACTUAL ALLEGATIONS"

**The Class Action**

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint inasmuch as said paragraph fails to properly recite the allegations of the Class Action, and reference to "Valbella restaurants" is vague and fails to specify the restaurants to which Plaintiff is referring.

19. Defendant admits to the allegations contained in Paragraph 19 of the Complaint.

20. Defendant denies the allegations contained in Paragraph 20 of the Complaint.

21. Except as to admit that Valbella Midtown was a fine dining establishment offering Italian cuisine, and to admit that Valbella at the Park is a fine dining establishment offering Italian cuisine, amongst several other cuisines, Defendant denies the allegations contained in Paragraph 21 of the Complaint as reference to "Valbella restaurants" is vague, misleading and fails to specify the restaurants to which Plaintiff is referring

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant admits to the allegations contained in Paragraph 24 of the Complaint.

25. Except as to admit that Mr. Ghatanfard acted as an owner/operator of Valbella Midtown and managed aspects of Valbella Midtown's day-to-day affairs, Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint and respectfully refers the Court to the allegations contained in the Class Action.

27. Except as to admit that the Honorable Gregory H. Woods, U.S.D.J., certified two subclasses in the Class Action, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint.

28. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint.

29. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint.

30. Except as to admit that the trial of the Class Action was held from March 31, 2022 to April 11, 2022, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint.

31. Defendant admits to the allegations contained in Paragraph 31 of the Complaint.

32. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint, and respectfully refers the Court to the jury verdict issued in the Class Action.

33. Defendant admits to the allegations contained in Paragraph 33 of the Complaint.

34. Defendant admits to the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits to the allegations contained in Paragraph 35 of the Complaint.

36. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint.

**Valbella at the Park**

37. Except as to admit that Valbella Midtown ceased operating at the 53rd Street Location, Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complianr.

40. Except as to admit that Valbella at the Park LLC was formed in February, 2021, Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Except as to admit that Valbella Midtown and Valbella at the Park each contain the word "Valbella" in their name, Defendant denies the allegations contained in Paragraph 41 of the Complaint,

42. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

44. Except as to admit that David Ghatanfard is one of the owners of the property located at 86 Oak Grove Road, Southampton, New York 11968, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Except as to admit that David Ghatanfard was on notice of the claims in the Class Action, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Except as to admit that certain employees of Defendant previously worked at the Valbella Midtown restaurant, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint.

48. Except as to admit that Elio Papa is employed by Valbella at the Park LLC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Complaint as reference to "the old Valbella location" is vague and fails to specify the restaurant to which Plaintiff is referring.

49. Except as to admit that Arben Buqaj is employed by Valbella at the Park LLC, Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "49" of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph "52" of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Except as to admit that the New York Post apparently reported in the manner alleged therein, Defendant denies the allegations contained in Paragraph 54 of the Complaint and the quote set forth therein.

55. Except as to admit that the New York Post apparently reported in the manner alleged therein, Defendant denies the allegations contained in Paragraph 55 of the Complaint.

## AS TO THE "FIRST CAUSE OF ACTION"

56. Defendant repeats, reiterates and re-alleges each and every response to Paragraphs 1-55 of the Complaint as though fully set forth herein.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Except as to admit that the restaurant operated by Valbella Midtown ceased operations in or about March, 2022, Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## AS TO THE "SECOND CAUSE OF ACTION"

61. Defendant repeats, reiterates and re-alleges each and every response to Paragraphs 1-60 of the Complaint as though fully set forth herein.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Except as to admit that the restaurant operated by Valbella Midtown ceased operations in or about March, 2022, Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

## AS TO THE "PRAYER FOR RELIEF"

To the extent that the WHEREFORE clause in the Prayer for Relief contains allegations that require a response, Defendant denies them. Defendant also denies that Plaintiff is entitled to any of the orders, judgments or damages sought in Plaintiff's Prayer for Relief, or any relief from Defendant whatsoever, and Defendant denies that Plaintiff has any factual or legal basis to seek such relief.

**GENERAL DENIAL**

Defendant denies each allegation of the Complaint that has not been expressly admitted herein.

**AFFIRMATIVE AND ADDITIONAL DEFENSES**

Defendant asserts the following affirmative defenses to the Complaint. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. To the extent any defenses or legal theories asserted herein may be interpreted as being inconsistent, such defenses or legal theories are pleaded in the alternative. Subject to, and without waiving the foregoing, and without waiving Plaintiff's burden to show otherwise, Defendant states:

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

That the Defendant, Valbella at the Park LLC, was formed in or about February, 2021, more than one year prior to the commencement of the Class Action trial, more than one year prior to the alleged judgment being rendered, and more than one year prior to when "Valbella Midtown" ceased its restaurant operations. Moreover, Valbella at the Park LLC and "Valbella Midtown" lack identity and, or, continuity of ownership, management, personnel, physical location, assets and menu selections. Accordingly, Valbella at the Park LLC is not a mere continuation of "Valbella Midtown" and is therefore not subject to successor liability.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state, in whole or in part, a cause of action upon which relief can be granted.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

Upon information and belief, the Plaintiff resides in, is domiciled in, and, or maintains a normal place of abode in New York State, thereby depriving this Court of diversity jurisdiction. Accordingly, the Court lacks subject matter jurisdiction.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to properly serve the Defendant with the Summons and Complaint. The description of the "Jane Doe" purportedly served, as described in the affidavit of service, does not match the description of any of Defendant's agents authorized to receive service on behalf of the Defendant. Moreover, That Plaintiff and, or, the process server failed to make sufficient attempts to serve a member of the Defendant or a person authorized to receive service on behalf of the Defendant. Finally, the Plaintiff and, or, process server failed to mail a copy of the Summons and Complaint to the Defendant. Accordingly, the Court lacks personal jurisdiction over the Defendant and this action must be dismissed.

## ADDITIONAL DEFENSES

Defendant reserves its rights to assert additional defenses based upon information learned or obtained through discovery.

**WHEREFORE**, the Defendant respectfully requests that the Court enter judgment dismissing this action, in its entirety, together with costs, attorneys' fees, and such other and further relief as this Court deems just and proper.

Dated: New York, New York
       September 19, 2022                          Respectfully submitted,

                                                   __/s/ Fred L. Seeman, Esq._____
                                                   The Law Offices of Fred L. Seeman
                                                   *Attorneys for Defendant*
                                                   By: Fred L. Seeman, Esq.
                                                   32 Broadway, Suite 1214
To:   Joseph & Kirschenbaum LLP                    New York, New York 10004
      *Attorneys for Plaintiff*                    Tel: (212) 608-5000
      32 Broadway, Suite 601                       Fax: (212) 385-8161
      New York, New York 10004                     Email: fred@seemanlaw.com
      Tel: (718) 915-5304
      Fax: (212) 688-5640
      maimon@jk-llp.com
      jnussbaum@jk-llp.com
      lucas@jk-llp.com