UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAVLE ZIVKOVIC,

        Plaintiff,

v.

VALBELLA AT THE PARK, LLC,,

        Defendant.

22-CV-07344 (GHW)

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR AN ORDER TO SHOW CAUSE WHY RESPONDENT OAK GROVE ROAD LLC SHOULD NOT BE ORDERED TO COMPLY WITH A RULE 45 SUBPOENA**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff*

## I. INTRODUCTION

Plaintiff seeks to enforce a post-judgment subpoena served on Oak Grove Road LLC ("OGR"), a certain company that owns 50% of the Defendant restaurant in this Action. As part of discovery in this matter, Plaintiff served OGR with a subpoena seeking, *inter alia*, all documents relating to that company's formation and operations. The response date in the subpoena was March 2, 2023, however, OGR has not responded to the subpoena. Accordingly, Plaintiff now seeks an order directing OGR to comply with the subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure. Plaintiff's proposed order to show cause is attached as Exhibit D to the Declaration of Josef Nussbaum.

## II. BACKGROUND

On June 22, 2022, this Court entered a judgment in a related case against Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, for an amount in excess of $5 million. *See* ECF No. 324 in *Zivkovic, v. Laura Christy LLC, et al*, 17 CV 553 (the "Class Action"); Nussbaum Decl. ¶ 2. To date, the entirety of that judgment remains outstanding. *Id*. On August 29, 2022, Plaintiff brought an action against Defendant Valbella at the Park, LLC ("Valbella at the Park"), in which he alleges that Valbella at the Park is a successor to one of the Defendant/Judgment-Debtor restaurants in the Class Action and that it should thus be liable for the judgment owed in the Class Action.

In discovery, Plaintiff has become aware that, as with the other Valbella restaurants, Judgment-Debtor Ghatanfard owns a portion of a new Valbella restaurant, Valbella at the Park. *Id*. ¶ 3. Mr. Ghatanfard's ownership stake is held via another LLC that he owns in whole or in part, namely, OGR. *Id*. ¶ 4. Specifically, Plaintiff was able to procure the operating agreements for Valbella at the Park LLC and OGR. *Id*. ¶ 5. The operating agreement for Valbella at the Park LLC

indicates that "the purpose of the Company is to […] operat[e] the restaurant known as 'Valbella' located at 3 Bryant Park […]." *Id*. ¶ 6. That operating agreement further provides that Oak Grove Road LLC has a "percentage membership interest" of 50% of Valbella at the Park LLC. *Id*. ¶ 7. The OGR operating agreement, dated February 26, 2021, states that "the purpose of [that] LLC is to own and operate a restaurant." *Id*. ¶ 8. The agreement further provides that "The members of Oak Grove Road LLC at the time of the adoption of this agreement is David Ghatanfard." *Id*. ¶ 9. In short, at the time of OGR's formation in February 2021, Judgment-Debtor Ghatanfard owned 100% of OGR which owns 50% of Valbella at the Park. Accordingly, in furtherance of Plaintiff's discovery efforts, on January 31, 2023, Plaintiff's counsel served OGR with a subpoena pursuant to Fed. R. Civ. P. 45. *Id*. ¶ 11; Nussbaum Decl., Ex. C (Subpoena). The subpoena directed OGR to produce documents in its possession relating to, *inter alia*, the company's ownership, formation, operations, management, and how its finances are conducted. *Id*. ¶ 12. To date, OGR has not responded to the subpoena. *Id*. ¶ 13. As that date has now passed and no documents have been forthcoming, Plaintiffs now seek an order compelling OGR to comply with the Subpoena.

III. ARGUMENT

OGR should be ordered to comply with Plaintiffs' Subpoena seeking production. If a non-party does not produce documents in compliance with a subpoena, the District Court for the district where compliance is required may enter an order compelling the non-party to produce the subpoenaed documents. *See* Fed. R. Civ. P. 37(a)(1), 45(d)(2)(B)(i). Per Rule 45, the serving party is required to move to enforce a subpoena in "the court for the district where compliance is required for an order compelling production and inspection." Fed. R. Civ. P. 45(d)(2)(B)(i). The Subpoena here seeks the production of documents at the offices of Plaintiffs' counsel in Manhattan. *See* Nussbaum Decl., Ex. C (Subpoena). Accordingly, because compliance is required in Manhattan,

this request is properly brought in this Court. *See, e.g.*, *JMC Rest. Holdings, LLC v. Pevida*, No. 2015 U.S. Dist. LEXIS 62374, at *5 (E.D.N.Y. May 12, 2015); *see also* Fed. R. Civ. P. 45(c)(1)(A) (providing that a subpoena may specify a "[p]lace of [c]ompliance" that is "within 100 miles of where the person resides, is employed, or regularly transacts business in person"). To date, OGR has not responded to the Subpoena. Accordingly, Plaintiffs' respectfully request an order directing OGR to show cause why it has failed to comply with Plaintiffs' Subpoena.

### IV. CONCLUSION

For all the above reasons, this Court should order OGR to show cause why it should not be ordered to comply with the Subpoena. A proposed order directing OGR to show cause to that effect is submitted contemporaneously with this application as Exhibit D to the Declaration of Josef Nussbaum.

Dated: New York, NY
       June 6, 2023

By:   _s/Josef Nussbaum____
D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
JOSEPH & KIRSCHENBAUM LLP
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640
Fax: (212) 688-2548
Email: lucas@jk-llp.com

*Attorneys for Plaintiffs and the
Fed. R. Civ. P. Rule 23 Subclasses*