UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAVLE ZIVKOVIC, on behalf of himself and others similarly situated,<br><br>        Plaintiff,<br>  v.<br><br>VALBELLA AT THE PARK, LLC,,<br><br>        Defendant. | 22-CV-07344 (GHW) |

**PLAINTIFF'S MEMORANDUM OF LAW IN REPLY TO RESPONDENT OAK GROVE ROAD LLC'S RESPONSE TO THIS COURT'S JUNE 8, 2023 ORDER TO SHOW CAUSE WHY OAK GROVE ROAD LLC SHOULD NOT BE ORDERED TO COMPLY WITH A RULE 45 SUBPOENA**

**JOSEPH & KIRSCHENBAUM LLP**

D. Maimon Kirschenbaum
Josef Nussbaum
Lucas C. Buzzard
32 Broadway, Suite 601
New York, NY 10004
Tel: (212) 688-5640

*Attorneys for Plaintiff*

## I. INTRODUCTION

Plaintiff's subpoena served on Oak Grove Road LLC in this successor liability action seeks documents that are directly relevant to the issue at the heart of this case – whether Defendant Valbella at the Park LLC ("VATP") is the successor to Laura Christy Midtown LLC ("Valbella Midtown") and thus should be held liable for the judgment against Valbella Midtown entered in a related lawsuit before this Court. Oak Grove Road LLC ("OGR") is implicated in this question because OGR owns 50% of VATP, and VATP has produced documents indicating that David Ghatanfard, the sole owner of Valbella Midtown, was also the sole owner of OGR at the time that corporation was formed in February 2021 and at the time VATP commenced operations in March 2022. VATP also produced documents indicating that on June 14, 2022 – the week before this Court entered judgment against Ghatanfard in the related lawsuit – Ghatanfard transferred 90% of his ownership interest in OGR to his life partner, Rosey Kalayjian. But Kalayjian disputes this, testifying at deposition that she has always been the 90% owner of OGR since the date it was formed in February 2021. The documents sought in Plaintiff's subpoena (modified as set forth below) are geared directly at obtaining information concerning the true ownership of OGR at all relevant times, as well as documents relating to OGR's agreements, management, and how its finances are conducted.

## II. BACKGROUND

On June 22, 2022, this Court entered a judgment in a related case against Laura Christy LLC, Laura Christy Midtown LLC, and David Ghatanfard, jointly and severally, for an amount in excess of $5 million. *See Zivkovic v. Laura Christy LLC, et al*, No. 17 CV 553 (the "Class Action"), Dkt No. 324. To date, the entirety of that judgment remains outstanding. Buzzard Decl. ¶ 2. On August 29, 2022, Plaintiff brought this action against VATP, in which he alleges that Valbella is

a successor to one of the Defendant/Judgment-Debtor corporate entities in the class action (Valbella Midtown) and should thus be liable for the judgment owed in the Class Action. *See* ECF Dkt No. 1 (Compl.).

In discovery in this lawsuit, Defendant VATP produced operating agreements for VATP and OGR. *Id*. ¶ 5. The VATP operating agreement, which Ghatanfard executed, provides that OGR has a "percentage membership interest" of 50% of VATP. *Id*. ¶ 7. The OGR operating agreement, dated February 26, 2021, states that "the purpose of [that] LLC is to own and operate a restaurant." *Id*. ¶ 8. The agreement further provides that "The members of Oak Grove Road LLC at the time of the adoption of this agreement is David Ghatanfard." *Id*. ¶ 9. In short, at the time of OGR's formation in February 2021, and at the time VATP opened for business, Judgment-Debtor Ghatanfard owned 100% of OGR, which owns 50% of VATP.

Also produced by VATP is an assignment agreement, which indicates that on June 16, 2022 – approximately two months after the jury verdict in this case and days before the entry of judgment – Ghatanfard transferred 90% of his ownership interest in OGR to Ms. Kalayjian (his life partner) in consideration of $10. *See* Buzzard Decl., Ex. C (Assignment Agreement). When Ms. Kalayjian was deposed, however, she maintained that she was always 90% owner of OGR, and that the entire original OGR operating agreement is not correct because she "made a mistake." Buzzard Decl., Ex. D (Kalayjian 5/25/23 Dep.) at 16:4-13, 27:9-19. She confirmed, however, that (1) she had no reason to believe she did not sign the OGR assignment agreement, *id.* at 23:4-12; and (2) "believe[d]" the OGR assignment agreement effectuated Ghatanfard's transfer of 90% of the company to her in June 2022, *id.* at 23:19-25:22. Ghatanfard, for his part, testified that he (a) could not recall ever signing or agreeing to the OGR operating agreement; (b) did not "know anything" about who owns OGR; (c) did not know whether he ever owned OGR or was ever a

member of that LLC; (d) could not recall if he had ever heard of OGR before his deposition; and (e) did not know whether he had invested any money into OGR. Buzzard Decl., Ex. E (Ghatanfard Dep.) at 93:22-95:18; 99:10-100:9, 240:5-14.

On March 2, 2023, Plaintiff's counsel served OGR with the instant a subpoena for the production of documents. Buzzard Decl., Ex. F (Subpoena). The subpoena directed OGR to produce documents relating to: (1) the formation, organization, ownership, and management of OGR, *see id.* ¶¶ 1-3; (2) OGR's assets, tax returns, and profit and loss statements, *id.* ¶¶ 4-6; (3) transfers of anything of value between OGR and Ghatanfard, Kalayjian, VATP, or Valbella Midtown, *id.* ¶ 9-12; (4) communications concerning the closure of Valbella Midtown and opening of VATP, *id.* ¶ 14-15; (5) contracts or agreements between OGR and Ghatnafard, Kalayjian, VATP, or Valbella Midtown, *id.* ¶¶ 18-21; and (6) OGR's financial statements, *id.* ¶ 22.[1]

Plaintiff sought an order to show cause from this Court after OGR failed to respond to the subpoena in any respect. *See* ECF Dkt Nos. 32-34. On June 8, 2023, this Court issued its order to show cause why OGR should not be ordered to comply with Plaintiff's subpoena. ECF Dkt No. 42. As part of its order, the Court directed OGR to file a "written response to Plaintiff's application for an order to show cause." *Id.* On June 20, OGR filed its response. ECF No. 45. It primarily argues that Plaintiff's document requests in the subpoena are "duplicative" because, via subpoenas to other entities and document requests to VATP, Plaintiffs are already in possession of OGR's formation and organization documents and tax returns. *See id.* ¶¶ 8-13. OGR then asserts that the documents sought in the remaining document requests are not relevant to the successor liability issues in this case. *Id.* ¶¶ 16-18.

---

[1] Although Plaintiff's subpoena also sought additional documents, Plaintiffs have elected not to pursue their request to compel responses to document requests 7, 8, 13, 16, 17, and 23-28 of the OGR subpoena.

3

## III.  ARGUMENT

OGR should be ordered to comply with Plaintiff's Subpoena and produce all documents in its possession responsive to Requests 1-6, 9-12, 18-20, and 22, all of which seek highly relevant documents. As an initial matter, OGR has not produced a single document in response to Plaintiff's subpoena or provided any formal responses or objections to the document requests contained therein. The majority of its current response to this Court's order to show cause posits that it should not be held responsible for producing responsive documents because other entities (namely VATP and Weiner LLC) have already produced documents in *their* possession that may be responsive to some of Plaintiff's request to OGR. But Plaintiff is entitled to production of all responsive documents in *OGR*'s possession, which may or may not be the same in either the type or amount as documents in the possession of other entities. OGR cites no authority that it should not be required to respond to subpoena document request simply because there may be some overlap between what it has in its possession and what other entities have in theirs. Thus, to the extent OGR argues that its production obligations have been fulfilled by other entities, that should be rejected.

Next, to the extent OGR vaguely argues that Plaintiff's document requests are irrelevant, it is incorrect. One of the essential elements of successor liability under New York law is "continuity of ownership" between the original corporation and its alleged successor. *See Xue Ming Wang v. Abumi Sushi, Inc.*, 262 F. Supp. 3d 81, 87-88 (S.D.N.Y. 2017) (Woods, *J.*). Here, as set forth above, VATP, Ghatanfard, and Kalayjian have introduced substantial confusion about who owns OGR and at what time. Because OGR is 50% owner of VATP, settling the issue of its ownership is of direct relevance to Plaintiff's successor liability claims. Put differently, it is extraordinarily relevant to the issues here whether Ghatanfard was the 100% owner of OGR (and

4

thus 50% owner of VATP) at the time when VATP opened its doors, or whether he was only a 10% owner of OGR (and thus only a 5% owner of VATP). Plaintiffs are plainly entitled to all documents in OGR's possession (not the possession of other entities) that could shed light on this issue. Such documents would include OGR's organization and formation documents, ownership records, tax returns, profit and loss statements, and records of transfers between OGR and Ghatanfard, Kalayjian, VATP, and Valbella Midtown. *See* Subpoena Requests 1-6, 9-12, 22. Moreover, given the unsettled nature of OGR's ownership, Plaintiffs are plainly entitled to obtain production of any other agreements between OGR and Ghatanfard, Kalayjian, VATP, and Valbella Midtown. *See id.* at Requests 18-21.

## IV.    CONCLUSION

For all of these reasons, OGR should be ordered to comply with Plaintiff's subpoena and produce all documents in *its* possession responsive to Requests 1-6, 9-12, 18-20, and 22.

Dated: New York, NY
       June 23, 2023

By:    _s/Lucas C. Buzzard____
       D. Maimon Kirschenbaum
       Josef Nussbaum
       Lucas C. Buzzard
       JOSEPH & KIRSCHENBAUM LLP
       32 Broadway, Suite 601
       New York, NY 10004
       Tel: (212) 688-5640
       Fax: (212) 688-2548
       Email: lucas@jk-llp.com

       *Attorneys for Plaintiffs and the*
       *Fed. R. Civ. P. Rule 23 Subclasses*
