# EXHIBIT E

Page 1

```
 1
 2   IN THE UNITED STATES DISTRICT COURT
     FOR THE SOUTHERN DISTRICT OF NEW YORK
 3   ---------------------------------------------X
 4   PAVLE ZIVKOVIC,
 5                    Plaintiff,
 6           v.
 7   VALBELLA AT THE PARK, LLC
 8   ---------------------------------------------x
 9                    Zoom Video Conference
10                    May 4, 2023
11                    10:06 a.m.
12
13           EXAMINATION BEFORE TRIAL of DAVID GHATANFARD, the
14   Defendant in the above-entitled action, held via Zoom Video
15   Conference taken before ELIZABETH SANTOS, a Notary Public of
16   the State of New York, pursuant to order and stipulations
17   between Counsel.
18
19
20
21
22
23
24
25
```

Page 2

1
2  A P P E A R A N C E S:
3  HAROLDSALANT STRASSFIELD & SPIELBERG
4  Attorney for David Ghatanfard
5  81 Main Street
6  White Plains, New York 10601
7    BY:  NEAL S. COMER, ESQ.
8
9  LAW OFFICES OF FRED SEEMAN
10  Attorneys for Robert Daleo
11  32 Broadway, Suite 1214
12  New York, New York 10004
13    BY:  FRED SEEMAN, ESQ.
14
15  JOSEPH & KIRSCHENBAUM, LLP
16  Attorneys for Plaintiff
17  32 Broadway, Suite 601
18  New York, New York 10004
19    BY:  JOSEF NUSSBAUM, ESQ.
20  Also present:
21  Lucas Buzzard (Sitting in with Mr. Nussbaum)
    Leonard Spielberg (Sitting in with Mr. Comer)
22
23
24
25

Page 3

1
2        S T I P U L A T I O N S
3
4
5    IT IS HEREBY STIPULATED AND AGREED BY AND BETWEEN the
6  parties hereto through their respective counsel that all
7  objections as to the form of the question shall be reserved
8  to the time of trial;
9
10  IT IS FURTHER STIPULATED BY AND BETWEEN the parties hereto
11  through their respective counsel that sealing, certification
12  and filing shall be and the same are hereby waived;
13
14  IT IS FURTHER STIPULATED AND AGREED that the within
15  examination may be signed and sworn to before any Notary
16  Public with the same force and effect as if signed and sworn
17  to before this Court.
18
19
20
21
22
23
24
25

Page 4

1         DAVID GHATANFARD
2  D A V I D  G H A T A N F A R D,
3  having first been duly sworn by Elizabeth Santos, a Notary
4  Public of the State of New York, was examined and testified
5  as follows:
6  EXAMINATION BY
7  MR. NUSSBAUM:
8       COURT REPORTER:  Please state your name
9    for the record.
10       THE WITNESS: David Ghatanfard.
11       COURT REPORTER:  What is your present
12    address?
13       THE WITNESS:  56 Oak Grove Road, private
14    house, South Hampton, New York.
15    Q.  Good morning, Ghatanfard.
16    A.  Good morning.
17    Q.  I've taken your deposition before, so I
18  know you have some experience with this.  I'm not
19  going to go over the details of all the rules since
20  I know you're familiar with them.  We're taking your
21  deposition today as part of a lawsuit that was
22  brought by Pavle Zivkovic against Valbella at the
23  Park, LLC.
24       Do you understand that?
25    A.  Yes, I do.

Page 5

1         DAVID GHATANFARD
2    Q.  We're also taking your deposition today as
3  part of an earlier lawsuit that Mr. Zivkovic brought
4  against yourself personally and against Laura Kristy
5  Midtown, LLC.
6       Do you understand that?
7    A.  Yes, I do.
8    Q.  Do you understand that you're going to be
9  testifying today on behalf of yourself and on behalf
10  of Laura Kristy Midtown, LLC?
11    A.  Yes, I do.
12    Q.  I'm going to be asking you a number of
13  questions today.  The court reporter who you saw
14  earlier is going to be writing down everything that
15  you say.  So it's important that you give clear,
16  audible, verbal answers to my questions.
17       Do you understand that?
18    A.  Yes, I do.
19    Q.  The court reporter has sworn you in and
20  you're answering all questions under oath.  Do you
21  understand that you have the same obligation to tell
22  the truth, and would be subject to the same
23  penalties for perjury if you don't tell the truth as
24  if you were testifying in the Court of Law?
25    A.  Yes, I do.

Page 90

1               DAVID GHATANFARD
2    Q.  Did you recommend it to anyone to
3  represent Valbella at the Park?
4    A.  I don't remember.
5    Q.  So it's just a coincident that you hired
6  him to represent you at Valbella Midtown, but you
7  don't have any idea how he was hired to represent
8  Valbella at the Park; is that your testimony?
9         What's your answer?
10       MR.COMER:  You cannot characterize his
11    answers.  He's answered those questions.  You
12    cannot put your own words into his mouth and
13    try to make him --
14   Q.  Do you have any idea how Mr. Seeman came
15  to represent Valbella at the Park?
16   A.  I answered that question.
17   Q.  Did you play any role in it?
18   A.  I answered that question.
19   Q.  No you didn't.  I'm asking, did you play
20  any role in Mr. Seeman representing Valbella at the
21  Park?
22   A.  You are changing the wording.  I answered
23  that question.
24   Q.  I'm asking you a different question, and
25  you have to answer it.

Page 91

1               DAVID GHATANFARD
2         Did you have any part of the decision
3  to hire Mr. Seeman to represent Valbella at the
4  Park?
5    A.  And I told you, I had nothing to do with
6  it.
7         MR. NUSSBAUM:  I think now is a good time
8    to break for lunch.
9         (Recess taken)
10        MR. NUSSBAUM:  We're back on the record.
11   Q.  Mr. Ghatanfard, you're still under oath.
12        Do you understand that?
13        We can't hear you.  You have to sit
14  closer and speak louder?
15   A.  Yes, I do.
16   Q.  Mr. Ghatanfard, I'd like to show you a
17  document that I'm going to mark as Plaintiff's
18  Exhibit 3, 471 page document.
19        (The document was hereby deemed marked as
20    Plaintiff's Exhibit 3 for identification, as of
21    this date.)
22   Q.  This 471-page document on the first page
23  in bold it says, Defendant's Response to Plaintiffs
24  first request for the Production of Documents.  I'm
25  going to represent the Mr. Seeman provided us with

Page 92

1               DAVID GHATANFARD
2  these documents in the lawsuit against Valbella at
3  the Park.
4         I'd like to direct your attention to
5  page 3, 299 of the PDF, which is bate stamped
6  DEF293.  On the top of this page it says, Limited
7  Liability Company agreement of Oak Grove Road, LLC.
8         Do you see that?
9         MR. SPIELBERG:  Josef, Fred, asked me to
10    call him if something that came up that could
11    involve him.  I think I need to call him.
12        MR. NUSSBAUM:  For the record, we need the
13    witness for seven hours, so we're not giving up
14    our time for counsel to make phone calls on the
15    record, after taking a 45-minute lunch break.
16    We're not going to let this cut into our time
17    so you can go ahead.
18        MR. NUSSBAUM:  I'd just like to state for
19    the record that we started 15 or 20 minutes
20    late today, and we just took an hour lunch
21    break, so we're reserving our time.
22   Q.  Mr. Ghatanfard, I'm showing you a document
23  that I told you a moment ago I'm marking as
24  Plaintiff's Exhibit 3.  And I'm turning your
25  attention to the page that's marked as DEF293.

Page 93

1               DAVID GHATANFARD
2         MR.COMER:  Make it larger, Josef, it came
3    in very small.
4         MR. NUSSBAUM:  For the record, this is
5    larger than the other documents that the
6    witness was able to read earlier in this
7    deposition.
8         MR.COMER:  I expanded it.
9    Q.  Do you say where it says Limited Liability
10  Company Agreement of Oak Grove Road, LLC?
11   A.  Yes.
12   Q.  Are you familiar with this document?
13   A.  I'm sorry.
14   Q.  Are you familiar with this document?
15   A.  No.
16   Q.  I'd like to turn your attention to the end
17  of this agreement marked DEF302.  And it says on the
18  top, This LLC Operating Agreement is executed and
19  agreed to by David Ghatanfard.
20        Do you see that?
21   A.  I see it.
22   Q.  Do you recall signing an operating
23  agreement for Oak Grove Road LLC?
24        It's an electronic signature; right?
25   A.  No.  I don't know.

Page 94

1  DAVID GHATANFARD
2  Q. Do you recall ever signing or agree to an
3  operating agreement for Oak Grove Road, LLC?
4  A. No.
5  Q. Do you know why if there are any
6  amendments to an agreement to the Oak Grove Road,
7  LLC?
8      MR. SEEMAN: Objection.
9  Q. What was the answer?
10 A. No.
11 Q. Who would know if there were any operating
12 agreements for Oak Grove Road, LLC?
13 A. I don't know.
14 Q. Well, who owns Oak Grove Road, LLC, you
15 do; right?
16     MR. SEEMAN: Objection.
17 Q. You own Oak Grove Road, LLC; correct?
18     MR. SEEMAN: Objection.
19 A. I don't know anything about it. I don't
20 know.
21 Q. You don't know anything about any
22 operating agreements or anything about amendments
23 for to any operating agreements to Oak Grove Road,
24 LLC?
25 A. I don't know.

Page 95

1  DAVID GHATANFARD
2  Q. Did you ever meet with any attorneys to
3  sign an agreement or to organize an agreement for
4  Oak Grove Road, LLC?
5  A. No.
6  Q. Isn't it true that Oak Grove Road, LLC is
7  the company that you used to invest in Valbella at
8  the Park?
9  A. I don't know.
10 Q. How did you become a partner at Valbella
11 at the Park?
12 A. I didn't handle that part.
13 Q. So you don't know how you became a partner
14 at Valbella at the Park?
15 A. I just know that I'm 10 percent partner in
16 Valbella at the Park.
17 Q. But you don't know how that came to be?
18 A. No.
19 Q. I'd like to direct your attention to an
20 earlier part of this exhibit -- withdrawn.
21     How much did you invest in Valbella
22 at the Park?
23 A. I don't recall.
24 Q. Was it more or less than a million
25 dollars?

Page 96

1  DAVID GHATANFARD
2  A. I'm sorry.
3  Q. Was it more or less than a million
4  dollars?
5  A. I didn't invest any money.
6  Q. So how did you become a partner?
7  A. I believe the reason of, you know, being,
8  you know, management a part of -- what you call it,
9  deeds, I have ten percent. Five or 10 percent of
10 the deed.
11 Q. I'd like to direct your attention to page
12 310 of this exhibit, which is marked as DEF304.
13     On the top it says, First Amendment
14 to the Operating Agreement of Oak Grove Road, LLC.
15     Do you see that?
16 A. I do.
17 Q. And then on the next page at the bottom or
18 two pages later, I'm sorry, at the bottom it says,
19 Acknowledged and Agreed, David Ghatanfard and
20 there's a signature.
21     Is that your signature?
22 A. No.
23 Q. That's not your signature?
24 A. No.
25 Q. Who signed the checks at Valbella Midtown,

Page 97

1  DAVID GHATANFARD
2  you did; right?
3  A. At Valbella Midtown?
4  Q. Yes.
5  A. Sometimes.
6  Q. Who else signed the checks?
7  A. I believe it was Laura Demarco.
8  Q. The signature next to your signature on
9  page DEF306, is that Rosey's signature?
10 A. I don't know.
11 Q. You don't know what her signature looks
12 like?
13 A. No.
14 Q. To be clear, your testimony is that this
15 is 100 percent not your signature?
16 A. No.
17 Q. Pardon me.
18 A. I don't think -- that's not my signature.
19 Q. You would recognize your signature; right?
20 A. I do.
21 Q. Turning to the next page, DEF307, there's
22 a document entitled Assignment and Assumption of
23 Membership Interest.
24     Do you see that?
25 A. Yes, I do.

25 (Pages 94 - 97)

Page 98

DAVID GHATANFARD

1
2  Q. On the next page after that, the bottom of
3  document, it says assignor and then David Ghatanfard
4  and there's a signature.
5      Do you see that?
6  A. I do.
7  Q. Is that your signature?
8      I can't hear you, Neal.
9     MR. COMER: I said at the bottom there are
10  two David Ghatanfard purported signatures.
11      Are you asking about both or one?
12     MR. NUSSBAUM: Great question.
13  Q. The first one Mr. Ghatanfard, is that your
14  signature?
15  A. I really don't know. I don't see it.
16  Q. What about the second one, where it says
17  David Ghatanfard, member.
18      Is that your signature?
19  A. I don't know.
20  Q. I'm sorry.
21  A. No.
22  Q. How about assignee, Rosey Kalayjian, is
23  that Rosey's signature?
24  A. I don't know.
25  Q. Again, these documents were produced to me

Page 99

DAVID GHATANFARD

1
2  to my office by Fred Seeman, who is the attorney for
3  Valbella at the Park, which you're a partner in.
4      Do you have any idea why Mr. Seeman
5  would of produced these documents if it doesn't have
6  your signature on it?
7     MR. SPIELBERG: Objection.
8  Q. You can answer.
9  A. I don't know.
10  Q. So just so I understand your testimony,
11  your testimony is that never owned Oak Grove Road,
12  LLC?
13  A. Sorry.
14  Q. Your testimony is that you never owned Oak
15  Grove Road, LLC?
16  A. I don't know.
17  Q. Who would know?
18  A. I don't know.
19  Q. I'm sorry, what was the answer?
20     MR. NUSSBAUM: Neal, we're in the middle
21  of a deposition and we can hear you.
22  Q. Mr. Ghatanfard, who would know the answer
23  to that?
24  A. I do not know.
25  Q. And you were never a member of Oak Grove

Page 100

DAVID GHATANFARD

1
2  Road, LLC?
3  A. I don't know.
4  Q. Have you ever heard of the company Oak
5  Grove Road, LLC?
6  A. I heard it today.
7  Q. Before today, did you ever hear of the
8  company?
9  A. I don't recall.
10  Q. I'd like to turn your attention to an
11  earlier part of the same Exhibit 3, page DEF013,
12  it's page 19 of the PDF at the top where it says,
13  Operating Agreement for Valbella at the Park.
14      Do you see that?
15  A. Yes.
16  Q. Have you seen this document before?
17  A. I don't recall.
18  Q. Do you know if there is an operating
19  agreement for Valbella at the Park?
20  A. I don't recall.
21  Q. I'd like to show you page 15 of the
22  agreement which is DEF027, where it says Oak Grove
23  Road, LLC and then by David Ghatanfard and then
24  there's a signature.
25      Is that your signature?

Page 101

DAVID GHATANFARD

1
2  A. I really don't know.
3  Q. You don't know if it's your signature?
4  A. I'm not sure. I'm really not sure.
5  Q. Are you familiar with any operating
6  agreements for Valbella at the Park?
7  A. I don't remember.
8  Q. Are you familiar with any amendments to
9  any operating agreements for Valbella at the Park?
10  A. I don't remember.
11  Q. Do you recall signing any documents
12  relating to the formation of Valbella at the Park?
13  A. I don't recall.
14  Q. Sir, in 2021, 2022, you're a partner in
15  the new restaurant; right?
16  A. I'm sorry.
17  Q. In the year 2021 and 2022 you become a
18  partner in a new restaurant; right?
19  A. I was a small shareholder of the new
20  restaurant.
21  Q. Do you remember signing any documents
22  connected to becoming a shareholder in the
23  restaurant?
24  A. I really don't remember.
25  Q. So it's possible that you did; right?

26 (Pages 98 - 101)

|  | Page 238 |  | Page 240 |
|---|---|---|---|
| 1 | DAVID GHATANFARD | 1 | DAVID GHATANFARD |
| 2 | A.  I don't remember. | 2 | A.  Yes. |
| 3 | Q.  Why is it that you did not fully answer | 3 | Q.  I asked you earlier if you invested any |
| 4 | this question? | 4 | money in Valbella at the Park, and you said no. |
| 5 | A.  I don't know. | 5 |     I also want to ask you, did you |
| 6 | Q.  What steps did you take to try to answer | 6 | invest any money in Oak Grove Road, LLC? |
| 7 | this question? | 7 | A.  I really don't know. |
| 8 | A.  I don't know. | 8 | Q.  As far as you know, you did not invest any |
| 9 | Q.  So when you said in this document, again | 9 | money in Oak Grove Road, LLC? |
| 10 | under the penalty of perjury, that the contents in | 10 | A.  I didn't say that.  I don't know. |
| 11 | this document are true, it's not true that you | 11 | Q.  What would help you remember if you did or |
| 12 | listed every transfer or every transfer you made | 12 | did not? |
| 13 | that was more than $1,000.00; correct? | 13 |     MR. SEEMAN:  Objection. |
| 14 |     MR.COMER:  Do not answer. | 14 | A.  I don't know. |
| 15 |     MR. NUSSBAUM:  Are you going to seek a | 15 | Q.  To be clear, you don't know where the $3.5 |
| 16 | protective order, Mr. Comer? | 16 | million went, and you don't know if you invested |
| 17 |     I can't hear you. | 17 | anything in Oak Grove Road, LLC. |
| 18 |     MR.COMER:  I told him not to answer that | 18 |     Is that your testimony? |
| 19 | question. | 19 |     MR. SEEMAN:  Objection. |
| 20 |     MR. NUSSBAUM:  What's the basis for your | 20 | A.  I didn't say that.  I said, I don't know |
| 21 | direction to not answer? | 21 | where all the money went.  I know a lot of the money |
| 22 |     MR.COMER:  I don't owe you any. | 22 | went to, you know, my expenses.  Whatever I did, my |
| 23 |     MR. NUSSBAUM:  Yes, you do.  You're an | 23 | expenses.  I said that I help my, you know, brother |
| 24 | officer of the court at a deposition, and | 24 | back home.  I paid my taxes.  And, you know, I -- |
| 25 | either you're going to seek a protective order, | 25 | that's all I did. |

|  | Page 239 |  | Page 241 |
|---|---|---|---|
| 1 | DAVID GHATANFARD | 1 | DAVID GHATANFARD |
| 2 | or the witness can plead the fifth amendment, | 2 | Q.  What expenses did you pay with the money? |
| 3 | or he has to answer.  Those are the options at | 3 | A.  I don't remember. |
| 4 | a deposition. | 4 | Q.  You know you paid expenses, but you don't |
| 5 |     I can't hear you. | 5 | remember any expenses? |
| 6 |     MR.COMER:  Okay, thank you for the | 6 |     MR. SEEMAN:  Objection. |
| 7 | lecture.  He's not answering that question. | 7 | A.  I paid the legal fee, that I paid them. |
| 8 | Q.  So your answer to 16 is not a true answer; | 8 | And, you know, I, you know, I paid taxes. |
| 9 | correct? | 9 | Q.  Three and a half million dollars went to |
| 10 |     MR.COMER:  He's not going to answer. | 10 | legal fees and taxes? |
| 11 |     MR. SEEMAN:  Objection. | 11 | A.  And, you know -- |
| 12 |     MR. NUSSBAUM:  I'd like to mark the last | 12 |     MR. SEEMAN:  Objection. |
| 13 | two directions to not answer for a ruling by | 13 | Q.  And what else? |
| 14 | the court. | 14 |     Mr. Ghatanfard, what else? |
| 15 |     We're marking for a ruling and we're | 15 |     MR. SEEMAN:  No question pending. |
| 16 | noting for the record, that Mr. Comer is | 16 | Objection. |
| 17 | refusing to state the basis for his instruction | 17 | Q.  Mr. Ghatanfard, what else did it go to? |
| 18 | to the witness to not answer the question. | 18 |     MR. SEEMAN:  Objection. |
| 19 |     MR.COMER:  Mr. Nussbaum, Mr. Ghatanfard | 19 | A.  Taxes. |
| 20 | needs a five-minute break. | 20 | Q.  You said that already? |
| 21 |     (Recess taken) | 21 | A.  Expenses. |
| 22 |     MR. NUSSBAUM:  Back on the record. | 22 | Q.  Did you give any of it to Rosey Kalayjian? |
| 23 | Q.  Mr. Ghatanfard, just to remind that you're | 23 | A.  What, did I? |
| 24 | still under oath. | 24 | Q.  Did you give any of it, the money to Rosey |
| 25 |     Do you understand that? | 25 | Kalayjian? |