# EXHIBIT F

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| Pavle Zivkovic | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  22-cv-7334 (GHW) |
| Valbella At The Park, LLC | ) | |
| | ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                              Oak Grove Road LLC, c/o
            Rosey Kalayjian, 56 Oak Grove Rd., Southhampton, NY 11968
*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A.

| Place: Joseph & Kirschenbaum LLP <br> 32 Broadway, Suite 601 <br> New York, NY 10004 | Date and Time: <br><br> 03/02/2023 2:42 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

    The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      01/31/2023

| *CLERK OF COURT* | OR | |
|---|---|---|
| | | s/Lucas C. Buzzard |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*      Pavle Zivkovic
, who issues or requests this subpoena, are:

Lucas C. Buzzard, 32 Broadway, Suite 601, New York, NY 10004; lucas@jk-llp.com; (212) 688-5640

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 22-cv-7334 (GHW)

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

### DEFINITIONS

A.  Plaintiff hereby incorporates all definitions and instructions set forth in Local Rule 26.3 of the Local Rules for the Southern and Eastern Districts of New York.

B.  The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), including without limitation, electronic or computerized data compilations.

C.  The term "communication" means the transmittal of information in any manner or form, however produced or reproduced, whether by "document" as herein defined or orally or otherwise, which is made by you or others or which is distributed or circulated between or among persons, or data storage or processing units, including computer data storage and processing units.

D.   The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

E.  "Valbella Midtown" refers to Laura Christy Midtown, LLC.

F.  "Rosey Kalayjian" refers to the individual who resides at 56 Oak Grove Road in Southampton, NY and who is allegedly involved in the operations of Valbella at the Park LLC.

G.  "Valbella at the Park LLC" refers to the business that operates the restaurant named Valbella at the Park at 3 Bryant Park in Manhattan.

H.  "Oak Grove Road LLC" refers to the business that has an ownership in Valbella at the Park LLC and which has a process service address of 56 Oak Grove Road, Southampton, NY 11968.

### INSTRUCTIONS

1.  You are required to produce all responsive Documents that are in Your possession, custody, or control, which includes, without limitation, any responsive Document that was or is prepared, kept, or maintained for personal use, in the personal files, or as the personal property of any of Your agents, attorneys, successors or assigns, accountants, assistants, bankers, affiliates or others, or at any other place, including in any remote or online storage.

2.  Documents shall be produced in the manner they are kept in the ordinary course of business.

3.  If you cannot respond to any part of the following requests in full, please respond to the extent possible, specifying the reason or reasons for your inability to respond to the remainder of the requests.

4.  If, to Your knowledge, documents responsive to one or more requests were never in Your possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

5.  If any responsive document was formerly in Your possession, custody, or control but has been eliminated from Your possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:
    a.  Describe in detail the nature of the document and its contents;
    b.  Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;
    c.  List all dates when the document was copied, created or modified;
    d.  List all dates when the document was eliminated from your possession in any way;
    e.  State any reason(s) the document was eliminated from your possession in any way; and
    f.  List all persons that have had possession of the document or have had knowledge of its contents.

6.  If you object to the production of any document on the grounds of privilege, you are required to provide a log specifying, as to each withheld document, the basis for the claim of privilege and the document's the identity and nature, subject matter, author, and date.

**DOCUMENTS TO BE PRODUCED**

1.  All corporate formation and organization documents of Oak Grove Road LLC including, but not limited to: articles of incorporation, articles of organization, by-laws, operating agreements, stock or membership certificates, shareholder agreements, corporate resolutions, certificates of authority, and certificates of foreign authority since its inception.

2.  Documents sufficient to show (a) the identities of all individuals or entities that have an ownership interest in Oak Grove Road LLC, and (b) the percentage interest in Defendant that each individual and/or entity owns.

3.  Documents sufficient to show Oak Grove Road LLC board membership, directors, partners, and/or officers.

4.  Documents sufficient to demonstrate an inventory of the assets and/or interests of Oak Grove Road LLC.

5.  Full and complete copies of all corporate tax returns (Federal, State and Local) for the years 2017-2022.

6.  All quarterly or annual profit and loss statements of Oak Grove Road LLC for the years 2017-2023.

7.  Documents sufficient to show all Oak Grove Road LLC's employees since January 1, 2020, including (a) the employees' names, (2) dates of employment, and (3) position(s) held.

8.  All payroll journals for Oak Grove Road LLC since January 1, 2020.

9.  Documents sufficient to show: (a) any transfer of anything of value between Oak Grove Road LLC and David Ghatanfard since January 1, 2020; (b) the reason, purpose, cause or intent of each such transfer, and (c) the individuals who authorized each such transfer.

10. Documents sufficient to show: (a) any transfer of anything of value between Oak Grove Road LLC and Rosey Kalayjian since January 1, 2020; (b) the reason, purpose, cause or intent of each such transfer, and (c) the individuals who authorized each such transfer.

11. Documents sufficient to show: (a) any transfer of anything of value between Oak Grove Road LLC and Valbella at the Park LLC since January 1, 2020; (b) the reason, purpose, cause or intent of each such transfer, and (c) the individuals who authorized each such transfer.

12. Documents sufficient to show: (a) any transfer of anything of value between Oak Grove Road LLC and Laura Christy Midtown LLC since January 1, 2020; (b) the reason, purpose, cause or intent of each such transfer, and (c) the individuals who authorized each such transfer.

13. All records related to real estate in which Oak Grove Road LLC has any interest.

14. All communications with Valbella at the Park or any of its employees, members, officers, directors, agents, representatives, or attorneys concerning the closure of the Valbella Midtown restaurant.

15. All communications with Valbella at the Park or any of its employees, members, officers, directors, agents, representatives, or attorneys concerning the opening of Valbella at the Park.

16. Records of all job postings made by Oak Grove Road LLC from January 1, 2021 to the present.

17. Purchase and accounts payable journals and aging reports for Oak Grove Road LLC and any other entity in which Oak Grove Road LLC has or had any business interest since June 1, 2021.

18. Copies of all contracts and/or agreements between Oak Grove Road LLC and David Ghatanfard, including without limitation any agreements relating to Laura Christy Midtown LLC or Valbella at the Park LLC.

19. Copies of all contracts and/or agreements between Oak Grove Road LLC and Rosey Kalayjian, including without limitation any agreements relating to Laura Christy Midtown LLC or Valbella at the Park LLC.

20. Copies of all contracts and/or agreements between Oak Grove Road LLC and Valbella at the Park LLC.

21. Copies of all contracts and/or agreements between Oak Grove Road LLC and Laura Christy Midtown, LLC.

22. All financial statements prepared by, for and/or on behalf of Oak Grove Road LLC.

23. All bank records since January 1, 2020.

For avoidance of doubt, this Request includes, without limitation, all monthly, quarterly and/or yearly bank records for all checking accounts since January 1, 2020 including account statements, copies of checks and cancelled cheeks, deposit and withdrawal slips, and monthly bank statements regarding all accounts maintained by Oak Grove Road LLC individually, or with any other person or entity, or held beneficially for Oak Grove Road LLC, or in the name of any firms, entities, partnerships, companies, or corporations in which Oak Grove Road LLC has or had any interest or in which Oak Grove Road LLC is or was authorized to draw funds, whether domestic or foreign.

24. All credit card records since January 1, 2020.

For avoidance of doubt, this Request includes, without limitation, all monthly, quarterly and/or yearly credit card records for all credit card accounts (individually and/or jointly with someone else) since January 1, 2020 including account statements, copies of checks and cancelled cheeks, deposit and withdrawal slips, and monthly statements regarding all accounts maintained by Oak Grove Road LLC individually, or with any other person or entity, or held beneficially for Defendant, or in the name of any firms, entities, partnerships, companies,  or corporations in which

Oak Grove Road LLC has or had any interest or in which Oak Grove Road LLC is or was authorized to draw funds, whether domestic or foreign.

25. All records of savings and/or investment accounts since January 1, 2020.

For avoidance of doubt, this Request includes, without limitation, all monthly, quarterly and/or yearly records for all savings and/or investment accounts since January 1, 2020, including account statements, copies of checks and cancelled cheeks, deposit and withdrawal slips, and monthly bank statements regarding all accounts maintained by Oak Grove Road LLC individually, or with any other person or entity, or held beneficially for Oak Grove Road LLC, or in the name of any firms, entities, partnerships, companies, or corporations in which Oak Grove Road LLC has or had any interest or in which Oak Grove Road LLC is or was authorized to draw funds, whether domestic or foreign.

26. Copies of all checks paid to and/or from Oak Grove Road LLC since January 1, 2020 (whether to and/or from an individual account or a jointly held account).

27. Records of all wire transfers paid to and/or from Oak Grove Road LLC since January 1, 2020 (whether to and/or from an individual account or a jointly held account).

28. Documents sufficient to establish any businesses and/or partnerships Oak Grove Road LLC has and/or had a stake in, including each business's name, d/b/a name, Defendant's share of the business (if its shares changed at any time since January 1, 2020, identify the various ownership stakes Oak Grove Road LLC had and the dates Oak Grove Road LLC's ownership stake changed), and any records relating to the valuations of each business.