LAW OFFICES OF
**FRED L. SEEMAN**
32 BROADWAY, SUITE 1214
NEW YORK, NEW YORK 10004

FRED L. SEEMAN, ESQ.
FRED@SEEMANLAW.COM
PETER M. KIRWIN, ESQ.
PETER@SEEMANLAW.COM
————————————
ALEX TAVAREZ, OFFICE MANAGER

**MEMORANDUM ENDORSED**

TEL: (212) 608-5000
FAX: (212) 385-8161
WWW.SEEMANLAW.COM

July 14, 2023

<u>**Via ECF**</u>
Honorable Gregory H. Woods
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: July 15, 2023

| | |
|---|---|
| Re: | *Zivkovic v. Valbella at the Park LLC* |
| Case No.: | 22-cv-7344 |
| <u>Our File:</u> | F11300 |

Dear Judge Woods:

Our firm represents Defendant, Valbella at the Park LLC ("VATP") and non-party Oak Grove Road LLC ("OGR"), a fifty (50%) percent owner of VATP, in the above-referenced matter. We are writing to the Court, at the direction of Your Honor's Courtroom Deputy, Wileen Joseph. This Letter follows a phone conference with Ms. Joseph, and Plaintiff's counsel, earlier today, to request leave to withdraw as counsel of record for both VATP and OGR and a stay of this action for thirty (30) days so that said parties may retain new counsel.

By way of background, prior to the commencement of this action, the Plaintiff initiated an action entitled *Zivkovic v. Laura Christy LLC et. al., Case No.: 17-cv-00553* (hereinafter the "Prior Action"). Following a trial in the Prior Action, the Court found in favor of the Plaintiff and awarded the Plaintiff money judgments against the various Defendants named in the Prior Action. The Plaintiff thereafter commenced the instant action, claiming that VATP is the alter ego of the Defendant in the Prior Action, Laura Christy Midtown, and that VATP is therefore subject to successor liability.

Fred L. Seeman, Esq., of the Law Offices of Fred L. Seeman, filed a Notice of Appearance for VATP on September 19, 2022. Ryan Marrano, Esq., of the Law Offices of Fred L. Seeman, filed a Notice of Appearance for VATP on March 21, 2023. Finally, on June 20, 2023, Fred L. Seeman filed a Notice of Appearance for OGR.

The parties herein have engaged in substantial discovery through the production of documents, responses to interrogatories, and several depositions. The deadline for discovery in this action is presently July 31, 2023. During the pendency of this action, the Plaintiff has also engaged in post-judgment collection efforts in the Prior Action, and served has a *subpoena duces tecum* upon OGR in this action.

For example, and as is relevant to the instant application, the Plaintiff has subpoenaed the banking records of Rosey Kalayjian, the manager of VATP and the ninety (90%) percent owner of OGR. Ms. Kalayjian has been our primary point of contact with respect to our representation of both VATP and

LAW OFFICES OF
# FRED L. SEEMAN

OGR in this action. Indeed, Ms. Kalayjian appeared for a Rule 30(b)(6) deposition on behalf of VATP. In March, 2023, I appeared in the Prior Action on behalf of Ms. Kalayjian and *inter alia*, moved to quash certain subpoenas served upon Ms. Kalayjian's banking institutions.

Recently, the Plaintiff filed a motion of attachment, accompanied by a temporary restraining order, against Ms. Kalayjian in the Prior Action. On July 10, 2023, our office was notified, for the first time, that Ms. Kalayjian had terminated our services and had retained new counsel in the Prior Action. Inasmuch as this action is closely related to the Prior Action, our recent, and sudden termination by Ms. Kalayjian in the Prior Action is indicative of the lack of trust and confidence that Ms. Kalayjian, and, by extension, VATP and OGR, have in the counsel that our firm provides. Indeed, our firm learned of our termination in the Prior Action through Ms. Kalayjian's incoming counsel.

Pursuant to Local Civil Rule 1.4:

> An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien. All applications to withdraw must be served upon the client and (unless excused by the Court) upon all other parties.

Caselaw is clear that "[i]n determining the motion, the Court considers both the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding." *Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F.Supp.3d 441, 444 (S.D.N.Y. 2014). An attorney may withdraw as counsel based upon "a client's lack of cooperation, including lack of communication with counsel, and the existence of irreconcilable conflict between attorney and client." *Id.* Moreover, pursuant to the New York Rules of Professional Conduct an attorney must "withdraw from the representation of a client when . . . the lawyer is discharged." 22 NYCRR §1200.1.16(b)(3). Additionally, an attorney may withdraw where, as here, "the client fails to cooperate in the representation or otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively" 22 NYCRR §1200.1.16(c)(7).

In this matter and the Prior Action, our firm has, at all times, represented Ms. Kalayjian, VATP and OGR to the best of our ability, and has advocated for their respective positions. However, there has been a recent breakdown in our firm's ability to collegially and effectively communicate with Ms. Kalayjian in connection with our representation of VATP and OGR. This is due, in part, to our firm's recent, sudden termination by Ms. Kalayjian in the Prior Action. Accordingly, there are "satisfactory reasons for withdrawal." *See, Local Rule 1.4.*

Finally, "in addition to considering reasons for withdrawal, district courts typically also consider whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 U.S. Dist. LEXIS 16674, 5 (S.D.N.Y. 2011). Neither the Defendant, nor this case, will be prejudiced by our firm's withdrawal, and a subsequent stay of the proceedings, inasmuch as VATP and OGR will be afforded the opportunity to obtain counsel of their choosing that can effectuate strategies beneficial to both VATP and OGR, thereby promoting a swift completion of any outstanding issues in this matter.

LAW OFFICES OF
# FRED L. SEEMAN

The recent and irreparable breakdown in the attorney-client relationship between our firm and both VATP and OGR now impedes our ability to effectively represent VATP and OGR. Although Ms. Kalayjian has retained new counsel in the Prior Action, we have not yet been informed that either VATP, or OGR, has retained substitute counsel in this action. Upon learning of our termination in the Prior Action, our firm expeditiously filed this application. Moreover, our firm has alerted VATP and OGR that we intended to file the instant application. Neither party has communicated an objection to the relief sought herein.

Accordingly, based upon the foregoing, we respectfully request that the Court grant the motion of The Law Offices of Fred L. Seeman, including Fred L. Seeman, Esq. and Ryan Marrano, Esq., to withdraw as counsel for VATP and OGR and to stay these proceedings for at least thirty (30) days so that said parties may retain new counsel. Our firm is not asserting a retaining or charging lien on this action.

No prior application has been made for the relief requested herein.

We thank the Court for its attention to this matter.

Respectfully submitted,

The Court will hold a conference with respect to Defendants' counsel's request to withdraw on July 21, 2023, at 3:00 p.m., by telephone.  The parties are directed to the Court's Individual Rules of Practice in Civil Cases, which are available on the Court's website.  Rule 2 of the Court's Individual Rules contains the dial-in number for the conference and other relevant instructions.  A representative of Defendant Valbella at the Park LLC ("VATP") and a representative of Oak Grove Road LLC ("OGR") are directed to join the teleconference.  Defendants' counsel is directed to submit the affidavit anticipated by Local Rule 1.4 no later than July 19, 2023.  No later than July 19, 2023, Defendants' counsel is further directed to inform the Court whether they wish the Court to treat this letter as its memorandum of law; alternatively, Defendants' counsel may file a formal motion on or before that date.  Counsel for Defendant is directed to serve a copy of this order on VATP and OGR and to retain proof of service.

_____/s/ Fred L. Seeman_____
The Law Offices of Fred L. Seeman
By: Fred L. Seeman, Esq.
*Attorneys for Defendant, Valbella at the Park LLC and non-party Oak Grove Road LLC*
32 Broadway, Suite 1214
New York, New York 10004
Tel: (212) 608-5000

SO ORDERED.
Dated:  July 15, 2023
New York, New York

GREGORY H. WOODS
United States District Judge

cc: All Counsel via electronic filing
cc: Valbella at the Park LLC, c/o Rosey Kalayjian, via e-mail
cc: Oak Grove Road LLC, c/o Rosey Kalayjian, via e-mail

3