**JOSEPH & KIRSCHENBAUM LLP**
Attorneys at Law

Charles Joseph
D. Maimon Kirschenbaum
Denise Schulman
Josef Nussbaum
Lucas C. Buzzard
Michael DiGiulio
Leah M. Seliger

32 Broadway, Suite 601
New York, NY 10004
Phone (212) 688-5640
Fax (212) 688-2548
www.jk-llp.com

July 20, 2023

**VIA ECF**

Honorable Gregory H. Woods
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re: *Zivkovic v. Valbella at the Park*,
           No. 22-cv-7344 (GHW)

Dear Judge Woods,

      We represent Plaintiff Pavle Zivkovic in the above-captioned action. We write concerning the letters from Fred L. Seeman for leave to withdraw as counsel for Defendant Valbella at the Park LLC ("VATP") and non-party Oak Grove Road LLC ("OGR"), and to stay this action for 30 days to allow those parties to retain new counsel. (Dkt. Nos. 55, 57). Plaintiff opposes any stay of or delay in this action occasioned by a change in counsel at this late juncture of discovery and requests that VATP and OGR be held to their respective Court-ordered deadlines for production of discovery. To be sure, however, Plaintiff has no objection to Mr. Seeman being relieved as counsel after all discovery has been completed. Plaintiff also writes to set forth his concerns about allowing either VATP or OGR – both of whom are legal entities – to appear without counsel.

### I.    Background & Existing Deadlines

      On June 2, 2023, this Court granted the parties' request to extend the discovery deadline to June 30. (Dkt No. 30). The parties requested that extension to permit time for VATP to respond to Plaintiff's second request for the production of documents and produce certain communications that had been identified during the deposition of its Rule 30(b)(6) witness. (*See* Dkt No. 29). On July 10, this Court again extended the discovery deadline to July 31 to allow for the deposition of Ginutas Sipas (a representative of 10Tier.com) and OGR's production in response to Plaintiff's subpoena. (Dkt No. 54). Discovery is currently set to close on July 31, with a joint letter due to the Court on August 7 and summary judgment motions due on September 5. (*See* Dkt No. 54).

####     A.    Status of VATP's Production

      By joint letter dated June 28, Plaintiff informed the Court that VATP: (1) had not responded to Plaintiff's second request for the production of documents, which was due on June 22; (2) had

not produced any communications (text messages, emails, and written communications) concerning its grand opening; (3) had not produced any job applications for employees of VATP; and (4) had not produced any additional emails concerning VATP's website. (*See* Dkt No. 50 at 1-2). VATP represented that a search was being conducted for responsive documents and requested until July 10 to produce such documents. (*Id.* at 2.) Following a conference held on June 30, the Court ordered VATP to produce responsive documents by July 10. (Dkt No. 52). By joint letter dated July 9, Defendant represented it would comply with this Court's order "and produce all responsive information by July 10." (Dkt No. 53 at 2).

On July 10, VATP (through Mr. Seeman) produced certain documents including one (1) communication concerning the grand opening of VATP and emails concerning the creation of VATP's website. VATP did not respond to Plaintiff's second document request. On July 11, Plaintiff noted that VATP had not responded to their second document request and asked it to do so that day. In response, Mr. Seeman represented that VATP expected to complete its production later that week. To date, Plaintiffs have received no further production from VATP or any response to their second document requests.

### B.     Status of OGR and 10 Tier.com Production

Following a June 30 conference attended by Mr. Seeman and the undersigned, this Court ordered OGR to produce certain documents responsive to Plaintiff's subpoena on that entity. (Dkt No. 52). The Court later ordered such documents to be produced by July 21. (Dkt No. 54).

Following the June 30 conference, the Court also ordered Plaintiff to meet and confer with 10Tier.com (as to which Mr. Seeman has also entered a notice of appearance) regarding the scope of documents to be produced in response to Plaintiff's subpoena on that business. (Dkt. No. 52). By joint letter filed on July 9, the parties informed the Court that they had agreed that, in lieu of documents, the parties had agreed for a deposition of Mr. Sipas (the 10 Tier.com representative). (Dkt. No. 53 at 1-3). The Court later ordered that deposition to take place no later than July 28. (Dkt. No. 54).

To date, OGR has not produced any documents in response to Plaintiff's subpoena. By email dated July 13, Mr. Seeman confirmed that Mr. Sipas would be available for a deposition on July 27.

### II.    The Court Should Grant the Law Offices of Fred Seeman's Application to Withdraw as Counsel only After Discovery has been Completed

In his letters and declaration seeking leave to withdraw, Mr. Seeman asserts that his withdrawal request and motion for a stay of these proceedings is occasioned by Ms. Rosey Kalayjian's termination of his services and retention of new counsel in the related action docketed under No. 17-cv-553, which resulted in an "irreparable breakdown in the attorney-client relationship." (Dkt Nos. 55 at 2-3, 57-1). While Plaintiff appreciates Mr. Seeman's situation, Plaintiff objects to a stay or delay of this matter or a further extension of deadlines for VATP and OGR to comply with this Court's orders.

Pursuant to Local Civil Rule 1.4, an attorney "may not withdraw from a case without leave of the Court" and such an order "may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal . . .." District courts have broad discretion in deciding such motions to withdraw. *See Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999). "In addressing motions to withdraw as counsel, district courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Id.* (cleaned up). Courts in this circuit "often deny" motions to withdraw when made "on the eve of trial or following significant amounts of discovery." *Allstate Ins. Co. v. Spina*, 2020 U.S. Dist. LEXIS 245611, at *9 (S.D.N.Y. July 27, 2020); *see also Skyline Steel, LLC v. Pilepro LLC*, 2015 U.S. Dist. LEXIS 27123, at *5 (S.D.N.Y. Mar. 5, 2015) (requiring counsel to complete discovery, which was set to close later that month, before withdrawing).

Here, the prosecution of this suit will be disrupted if Mr. Seeman withdraws at this juncture. Discovery is set to close in less than two weeks and, as set forth above, both VATP and OGR have Court-ordered deadlines (which VATP has now failed to meet) to produce documents within that time. Any stay of this action to allow VATP and OGR to find new counsel will unnecessarily prolong the discovery period in this case. Indeed, the delay will not only be the 30-day period of the requested stay but the additional time any new counsel will undoubtedly request to familiarize themselves with the proceedings. Moreover, there does not appear to be a pressing need for Mr. Seeman's immediate withdrawal. It does not appear that Defendant VATP has terminated its relationship with Mr. Seeman and, although Mr. Seeman represents that his client (Ms. Kalayjian) did not inform him of the termination of his representation in the related lawsuit, *see* Dkt No. 55 at 2, Mr. Seeman does not specifically assert that VATP and OGR have ceased all communications regarding their discovery obligations in *this* lawsuit, *see generally id*. Accordingly, given the impending close of discovery and Mr. Seeman's familiarity with the outstanding discovery issues, Plaintiffs respectfully request that the Court consider granting Mr. Seeman's application to withdraw only after the close of discovery and after VATP and OGR have complied with their Court-ordered discovery obligations. *See, e.g., Sample v. Am. Nat'l Red Cross*, No. 21-CV-2005 (JMF), 2023 U.S. Dist. LEXIS 2754, at *3 (S.D.N.Y. Jan. 6, 2023) ("Allowing withdrawal on the eve of the final depositions and with only weeks remaining in the discovery period . . . would plainly disrupt the case and prejudice Defendants.") (citation omitted).

As a separate matter, because both VATP and OGR are legal entities, they cannot appear in this Court without an attorney. *See, e.g.*, *Lattanzio v. COMTA*, 481 F.3d 137, 139-140 (2d Cir. 2007). Accordingly, any order permitting Mr. Seeman to withdraw should clearly inform VATP that unless counsel enters an appearance on its behalf by a date certain, a default will be entered against it. *See City of New York v. Mickalis Pawn Shop,* LLC, 645 F.3d 114, 130-31 (2d Cir. 2011) (holding that entry of default was proper where the defendant, a limited liability company, failed to obtain counsel despite the court's warning that such failure would result in default).

We thank the Court for its attention to this matter.

                                              Respectfully,

                                              */s/Lucas C. Buzzard*
                                              Lucas C. Buzzard